UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

TWANA CLAY                *        CIVIL ACTION NO. 13-3002

VERSUS                  *        JUDGE DOHERTY

COMMISSIONER OF       *        MAGISTRATE JUDGE HILL
SOCIAL SECURITY

REPORT AND RECOMMENDATION

This social security appeal was referred to me for review, Report and

Recommendation pursuant to this Court's Standing Order of July 8, 1993.  Twana

Clay, born September 16, 1971, filed applications for disability insurance benefits

and supplemental security income on May 22, 2001, alleging a disability onset

date of May 21, 2001, due to chronic pain syndrome, asthma, thyroid problems,

and depression.  After the Administrative Law Judge ("ALJ") issued an adverse

decision, claimant filed for review with the Appeals Council.  By order dated July

15, 2005, the Appeals Council ordered a new hearing because the recording of the

ALJ's hearing was partially inaudible.

Before the Appeals Council's decision, claimant filed another set of

applications on September 18, 2003.  After another ALJ issued an adverse

decision on the second set of applications, claimant applied to the Appeals

Council for review.  By order dated June 1, 2006, the Appeals Council vacated

that decision, and ordered that the claims files for the two sets of applications be

consolidated.

On June 6, 2006, the first ALJ conducted a hearing on the consolidated

claims.  By decision dated June 30, 2006, the ALJ found claimant not disabled.

After the Appeals Council denied claimant's request for review on December 6,

2007, claimant filed for judicial review with this Court.

On May 26, 2009, the undersigned issued a Report and Recommendation

recommending that the Commissioner's decision be reversed, and the claimant be

awarded benefits as of May 22, 2001.  [Docket No. 08-0072, rec. doc. 10; Tr.

1027-49].  By Judgment entered on December 30, 2009, Judge Doherty adopted

all of the Report and Recommendation, save for the section entitled "(18) The

ALJ's Findings," and remanded this action to the Commissioner for further

administrative action.  [Docket No. 08-0072, rec. doc. 12; Tr. 1021-26].

Specifically, Judge Doherty remanded the case with instructions to the ALJ

"to obtain a consultative evaluation on claimant's impairments of daytime

sleepiness secondary to medications, as well as any other side effects from

claimant's medications."  [Docket No. 08-0072, rec. doc. 12, pp. 5-6; Tr. 1025-

26].

On October 27, 2008, claimant filed a subsequent application for benefits. (Tr. 998).  By decision dated July 21, 2010, the ALJ found that claimant was under a disability as of July 3, 2008.

On December 8, 2010, the Appeals Council remanded this matter to the ALJ for further proceedings as directed in the Judgment in Docket No. 08-0072.  (Tr. 1054-55).  A hearing was held before the ALJ on June 26, 2012.  By decision dated September 20, 2012, the ALJ found that claimant was not disabled from May 21, 2001, through the date of the decision.  (Tr. 1006).  The ALJ noted that the July 2010 decision finding claimant disabled as of July 3, 2008, was not affected by this decision.  (Tr. 1007).

On November 6, 2013, claimant filed a Complaint in this Court appealing the ALJ's decision on remand.  The period of May 21, 2001, through July 2, 2008, is the only period at issue in this lawsuit.  [rec. doc. 9, p. 3; Tr. 1099].

## FINDINGS AND CONCLUSIONS

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), I find that there is substantial evidence in the record to support the Commissioner's decision of non-disability and that the Commissioner's decision comports with all relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

In fulfillment of F.R.Civ.P. 52, I find that the Commissioner's findings and conclusions are supported by substantial evidence, which can be outlined as follows:[1]

**(1) Claimant's Administrative Hearing Testimony**.[2]  At the hearing on June 26, 2012, claimant testified that she was a high school graduate.  (Tr. 1101). She had worked as a certified nurse's assistant, a dialysis tech, and a valet car parker.  (Tr. 1101-07).

The ALJ questioned claimant in detail regarding the side effects of the listed medications that she took between 2001 and 2008.  Claimant testified that Effexor made her drowsy and nauseated.  (Tr. 1107).  She did not remember any side effects from Elavil.  She stated that Risperdal made her sleep a lot and hallucinate a lot.  (Tr. 1108).  She said that she was no longer taking Effexor, Elavil or Risperdal.

Claimant stated that she was still taking Ultram, from which she had no side effects.  She did not recall any side effects from Celebrex, which she was no longer taking.  (Tr. 1108-09).  She said that Protonix did not work for her, and she was put on something else.  (Tr. 1109).

---

[1]The previous medical records were summarized in Docket No. 08-0072, rec. doc. 10.

[2]Claimant did not assert any argument regarding the vocational expert's testimony; accordingly, it is not summarized herein.

Additionally, claimant said that she did not remember having side effects from Zyrtec, which she was no longer taking.  She reported that she was no longer on Flonase for asthma, but taking Nasonex instead.  She did not recall having side effects from Flonase.

Also, she was still taking Singulair, Albuterol and Proventil, and did not have any side effects from them.  (Tr. 1110-11).  She said that she was no longer taking Advair Diskus, and did not remember if she had any side effects from it. (Tr. 1111).  She had also taken Atenolol and HCTZ, and did not remember whether she had side effects from them.  (Tr. 1111-12).  She did not recall taking Mavik.  (Tr. 1112).  She was still taking Premarin, from which she had no side effects.  (Tr. 1113).

Regarding activities between 2001 and 2008, claimant testified that her mother did her chores and grocery shopping for her.  (Tr. 1113-14).  She said that she had a driver's license, but did not drive too much.  (Tr. 1114).  She said that she used to watch television and movies with her children.  (Tr. 1119).

**(2) The ALJ's Findings**.  Claimant argues that the ALJ erred: (1) in failing to follow the Judgment of the Court, and the Order of the Appeals Council, in the conduct of post-remand proceedings, and (2) in substituting her medical opinions for those that should have been rendered by a physician.

The Judgment of this Court issued by Judge Doherty remanded this action to the Commissioner for further administrative action with instructions to the ALJ "to obtain a consultative evaluation on claimant's impairments of daytime sleepiness secondary to medications, as well as any other side effects from claimant's medications."  [Docket No. 08-0072, rec. doc. 12, pp. 5-6; Tr. 1025-26].

In the decision dated September 20, 2012, the ALJ found that claimant had severe impairments of major depressive disorder, fibromyalgia/lumbar pain syndrome and asthma.  (Tr. 1001).  However, she found that claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P. Appendix 1.  She further determined that, based on the entire record, claimant had the residual functional capacity to perform light work, limited to lifting and carrying 10 pounds frequently and 20 pounds occasionally; sitting, standing and walking as typically required of light work; performing tasks requiring no exposure to airway irritants; having only occasional exposure to airway irritants; having only occasional interaction with the general public, co-workers or supervisors, and performing no complex or highly detailed work.

Regarding the side effects of claimant's medications, the ALJ noted that the evidence showed that claimant had reported side effects on five separate occasions. She observed that on each occasion, claimant's medication was adjusted, and there was "no indication that the side effects lingered after the medication changes were made." (Tr. 1001). The ALJ then listed every single medication in the record and analyzed claimant's complaints, or lack thereof, regarding each one. (Tr. 1002-04).

The record reflects that the ALJ did what the Judgment instructed her to do. After reviewing the record, the undersigned agrees with the ALJ that the medical evidence does not support claimant's claim of disabling side effects. As the ALJ noted, there was a significant difference between claimant's testimony as to the nature, frequency and severity of her symptoms and the descriptions of the side effects to her physicians. (Tr. 1004-05). *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (the ALJ is not required to accept claimant's subjective complaints over the objective medical evidence). Thus, the ALJ's decision is entitled to deference.

Claimant argues that the ALJ failed to order a consultative examination or obtain any medical expert testimony as ordered by the Court. [rec. doc. 9, p. 6]. In the decision, the ALJ stated that because claimant had not proven a side effect

of daytime sleepiness or any other side effects lasting for any period of 12 consecutive months, she did not order a consultative examination.  (Tr. 998).

A consultative evaluation becomes "necessary" only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment.  Isolated comments by a claimant are insufficient, without further support, to raise a suspicion of non-exertional impairment.  *Brock v. Chater*, 84 F.3d 726, 727 (5th Cir. 1996).   Plus, the decision to order a consultive evaluation is *within the discretion of the ALJ.*  (emphasis added)).  *Robinson v. Barnhart*, 183 F. Appx. 451, 454-55 (5th Cir. 2006) (*citing Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989).

Here, the ALJ thoroughly reviewed claimant's complaints of side effects and compared them with the medical records.  After reviewing the evidence, she concluded that claimant had not proven the side effect of daytime sleepiness or any other side effects lasting for the required period.  Accordingly, the undersigned finds that there existed no evidence in the record that would have necessitated a consultative examination.  *Richardson v. Colvin*, 2014 WL 6471421, *4 (N.D. Miss. Nov. 18, 2014).

Next, claimant argues that the ALJ erred in substituting her medical opinions for those that should have been rendered by a physician.  She asserts that

she was "prejudiced" by the "absence of medical expert opinion that Judge Doherty had determined was necessary for the proper evaluation of the case." [rec. doc. 9, p. 6].

Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000). Here, however, claimant cites *no* additional evidence that might have led to a different decision. (emphasis added). Thus, this argument lacks merit.

Based on the foregoing, it is my recommendation that the Commissioner's decision be **AFFIRMED** and that this action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

March 26, 2015, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE